UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re *Ex Parte* Application of SHAREEFAH KHALED ALGHANIM for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782.

Case No. 17 Misc. _____

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

Petitioner, Shareefah Khalid Alghanim, respectfully asks this Court to grant the Order attached as Exhibit "A" to the Declaration of O. Andrew F. Wilson, dated October 23, 3017, which grants Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve upon Santander Bank, N.A. ("Santander"), WithumSmith+Brown, PC ("Withum"), and Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), the subpoenas attached as Composite Exhibit "B" to the Declaration of O. Andrew F. Wilson, dated October 23, 3017.

The requested relief is necessary for the purpose of obtaining limited, but necessary, discovery in connection with a proceeding currently pending before the British Virgin Islands Commercial Court (the "BVI Proceeding"). The BVI Proceedings involve Future Media Architects, Inc. ("FMA"), a BVI-based company of which Petitioner is secretary, Vice-President, and a 50% shareholder. Based upon the concurrently filed Declaration of the Petitioner Shareefah Khalid Alghanim and the accompanying Memorandum of Law to this Application, the Court should grant this Application *ex parte*. Although Petitioner requests *ex parte* relief, Petitioner does not request that this matter be sealed by the Court.

Santander Bank, the accounting firm Withum Smith, and the law firm Akin Gump are the entities to be subpoenaed for documents which, as set forth in more detail below and in the accompanying Memorandum of Law, Petitioner seeks for use in the BVI Proceeding. Petitioner believes that the documents sought will further the BVI Proceeding by assisting the Petitioner to trace and recover assets due to her from the sale of FMA assets, a process undertaken with the knowledge and approval of the BVI Commercial Court.

**A. The BVI Proceeding.**

Petitioner and her brother, Thunayan Khalid Alghanim ("Thunayan"), are each 50% shareholders of FMA, which is among the world's largest holders of internet domain names. In 2012, FMA's assets were valued at over $57 million. Following several years of mismanagement by her brother, occasioned by a serious drug and alcohol problem, Petitioner petitioned the BVI court to, *inter alia*, appoint a receiver over FMA's assets. Her petition was granted on October 17, 2013.

In 2014, Petitioner and Thunayan agreed to hold the BVI receivership in abeyance while professional persons set about selling certain of FMA's assets. Over Petitioner's objection, Thunayan opened an account with Citibank, N.A. in the United States for the purpose of depositing proceeds from the sale of FMA's domain names. The sale of FMA assets generated more than $24 million in revenue, but Petitioner has received only a fraction of that amount (approximately $9 million), notwithstanding her 50% interest in the company and several outstanding loans she made to FMA.

Since January 28, 2016, FMA's lawyers at Akin Gump have stopped sending Petitioner reports regarding the sale of FMA assets.

Thunayan has made it impossible for Petitioner to value the company and protect the company's assets. Moreover, Petitioner is unable to determine the amounts properly due to her from the sale of FMA assets.

Petitioner previously commenced and prevailed in a separate proceeding pursuant to 28 U.S.C.§ 1782 in the Southern District of Florida to obtain FMA's records from Citibank N.A.

The Citibank documents revealed that the accounting firm Withum Smith has had a substantial role in facilitating the management of FMA's business, including the direction of payments to and from various FMA accounts. In addition, the Citibank documents showed that FMA appears to have an account with Santander Bank, N.A. ("Santander Account"). Petitioner is unaware of the status of the Santander Account, whether all or even some of the proceeds of the sale of FMA assets were transferred to the Santander Account, or if it even remains open, but it is Petitioner's understanding that the proceeds of the Santander Account may have been transferred to Thunayan's personal accounts, among others

Accordingly, Petitioner seeks discovery from Santander Bank, WithumSmith, and Akin Gump in aid of the BVI Proceeding.

**B. The Documents Sought.**

Petitioner seeks the following documents from Santander Bank:

1. All documents concerning the opening of any Santander Bank account by FMA, Inc., FMA LLC and/or Thunayan and related companies.

2. All documents sufficient to show the authorized signatories to every Santander Bank account of FMA, Inc., FMA LLC and/or Thunayan and related companies.

3. All documents concerning incoming and outgoing wire transfers from the date of opening of all FMA, Inc., FMA LLC and/or Thunayan and related companies Santander Bank accounts to present.

4. All account statements from the date of opening of all FMA, Inc., FMA LLC and/or Thunayan and related companies Santander Bank accounts to the present.

611257219.1

5. All documents concerning credit card and debit card holder details and statements from the opening of any FMA, Inc., FMA LLC and/or Thunayan and related companies Santander Bank accounts to the present.

6. All cancelled checks from the opening of all FMA, Inc., FMA LLC and/or Thunayan and related companies Santander Bank accounts to the present.

7. All account opening documents, account statements, cancelled checks, debit and credit card statements that have a joint account with any or a combination of the entities FMA, Inc., FMA LLC and/or Thunayan and related companies.

Petitioner seeks the following documents from Akin Gump:

1. All documents, including retainers, related to the management of FMA Inc, FMA LLC and related companies.

2. All email communications concerning FMA Inc, FMA LLC and related companies.

3. All invoices (itemized) for FMA Inc, FMA LLC and related companies.

4. Documents sufficient to show all persons who are authorized signatories for any bank accounts held by FMA Inc, FMA LLC or related companies.

5. Details of all cheques, bank transactions, credit/debit cards and statements concerning FMA Inc, FMA LLC or related companies.

6. Documents concerning any payments for expenses using funds from FMA Inc, FMA LLC or related companies that are not direct expenses of FMA Inc, FMA LLC or related companies.

7. All documents including invoices and emails concerning FMA Inc and FMA LLC or related companies and Adel Al-Ali.

8. All documents concerning any escrow account or attorneys trust account relating to FMA Inc, FMA LLC and related companies.

Petitioner seeks the following documents form Withum Smith:

1. All communications, including emails, between or among WithumSmith + Brown, PC, Thunayan, FMA Inc., FMA LLC, and/or Adel Al-Ali, and related companies.

2. All communications, including emails, between or among WithumSmith + Brown, PC and Akin Gump Strauss Hauer & Feld LLP concerning Thunayan, FMA Inc., FMA LLC, and/or Adel Al-Ali and related companies.

3. All documents, including invoices, concerning payments relating to FMA Inc., FMA LLC and/or Thunayan and related companies.

4

4. Documents sufficient to identify all persons authorized to instruct WithumSmith + Brown, PC to undertake financial transactions of any kind on behalf of FMA Inc, FMA LLC and/or Thunayan and related companies.

5. All documents concerning bank statements or accounts relating to FMA LLC, FMA Inc. and/or Thunayan and related companies.

6. All documents concerning financial transactions relating to FMA Inc., FMA LLC and/or Thunayan and related companies.

**C. Petitioner's Application Should Be Granted.**

Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. Santander Bank, Withum Smith, and Akin Gump are located in this district,[1] and the Petitioner, a 50% owner of FMA who successfully petitioned the BVI courts to place FMA into receivership in the BVI, seeks to use the documents in that proceeding. The documents sought from Santander Bank, WithumSmith, and Akin Gump are relevant to locating the FMA's assets and protecting Petitioner's ownership interests. Moreover, as set forth in the Memorandum of Law filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte* application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Accordingly, Petitioner respectfully requests that the Court (a) grant the *Ex Parte* Application for an Order to Conduct Discovery in a Foreign Proceeding; (b) enter the Proposed Order attached to the Declaration of O. Andrew F. Wilson, dated October 23, 3017, as Exhibit "A," (c) grant Petitioner leave, pursuant to 28 U.S.C. § 1782, to serve the subpoenas attached to

---

[1] Santander Bank, N.A. has offices at 45 East 53rd Street, New York, NY 10022; WithumSmith has offices at 1411 Broadway, 9th Floor, New York, NY 10018; and Akin Gump has offices at Bank of America Tower, 1 Bryant Park, New York, NY 10036.

the Declaration of O. Andrew F. Wilson, dated October 23, 3017, as Composite Exhibit "B"; and

(d) grant any and all other further relief to Petitioner as deemed just and proper.

Dated: October 23, 2017
      New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP

/s
O. Andrew F. Wilson
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Petitioner*