# EXHIBIT B

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO. BVIHC (COM)    of 2013

IN THE MATTER OF FUTURE MEDIA ARCHITECTS, INC

AND

IN THE MATTER OF AN APPLICATION TO APPOINT A RECEIVER TO PROTECT AND PRESERVE COMPANY ASSETS

BETWEEN:

SHAREEFAH KHALID ALGHANIM

**Applicant**

-and-

FUTURE MEDIA ARCHITECTS, INC.

**First Respondent**

THUNAYAN KHALID ALGHANIM

**Second Respondent**

---

## NOTICE OF APPLICATION

---

The Applicant, Shareefah Khalid AlGhanim, of Block 9, Al-Ta'awon Street, House no. 77-A, Kuwait, applies to the court for an order that:

1.  Russell Crumpler and Kris Beighton of KPMG (BVI) Limited, 3rd Floor Banco Popular Building, Road Town, Tortola, British Virgin Islands be appointed as joint receivers (the "Receivers") over all of the assets of Future Media Architects, Inc who is the First Respondent to this application, which assets include all internet domain names held by or registered to the First Respondent howsoever or wherever held or registered.

2       The Receivers shall have the power until further order in the meantime to the exclusion of any officer, employee, agent or attorney of the First Respondent to take such steps and give such instructions on behalf of the First Respondent as they may in their absolute discretion think fit for the purpose of protecting and preserving the First Respondent's assets, including internet domain names, and for that purpose to have the power (to the exclusion of any officer, employee, agent, or attorney of the First Respondent) without limiting the generality of the forgoing:

   2.1   To receive and take control of and manage all of the assets, including internet domain names, held by or registered to the First Respondent;

   2.2   To give notice of their appointment to such persons as they may deem necessary;

   2.3   To seek recognition of their appointment in such jurisdiction or jurisdictions as they may deem necessary;

   2.4   To obtain such approvals or authorizations, whether judicial or otherwise and whether in their own names or in the name of the First Respondent, as may be necessary or expedient to enable them to exercise their powers within any jurisdiction

   2.5   To instruct legal representatives to act for and in the name of the First Respondent in any jurisdiction and for that purpose to execute in the name and on behalf of the First Respondent all necessary documents

   2.6   To take such legal proceedings in any jurisdiction in the name and on behalf of the First Respondent as they may be advised;

   2.7   To execute in the name and on behalf of the First Respondent such documents as may be required to enable them to carry out their duties under this order and to achieve the purposes for which they are appointed; and

   2.8   To do all such other acts or things as they may in their absolute discretion think necessary for carrying out and giving effect to their appointment.

3       Any act which the Receivers are authorised by the Court to carry out or procure may be carried out or procured by either of them.

4       In the Alternative, pursuant to s. 184B of the Business Companies Act, 2004 an order directing the Second Respondent to cause FMA to accept the First Respondent's offer of a loan of monies for the purpose of payment of registration fees of the 469 domain names identified in exhibit SA1 to the First Affidavit of Shareefah K. AlGhanim sworn on 16 October 2013 (the "Valuable Domain Names") and to thereby apply those monies to the payment of the registration fees for the Valuable Domain Names.

2

5        Leave be given to the First Respondent to serve on the Second Respondent out of the jurisdiction this Application Notice, any Order of this Court such as might be deemed necessary and also the Claim Form to be filed in this matter by the First Respondent pursuant to CPR 7.3(2) and (7)(a).

6        Leave be given pursuant to CPR 5.14 for service to be effect by email to the Second Respondent at his his email addresses as follows:

        6.1    elequa@gmail.com; and

        6.2    dns-admin@fma.net

7        Such further or other order as this Court deems necessary.

8        That costs be reserved.

The grounds of the application are:

1        There is a risk to the assets of the First Respondent so that it is necessary to appoint receivers to protect and preserve the assets until the court can finally adjudicate upon the dispute between the two 50% shareholders who are at a deadlock. The shareholders are the Applicant and the Second Respondent who are sister and brother.

2        The Applicant will bring proceedings for final relief at her first available opportunity. The evidence before the court demonstrates that the prerequisites for the appointment of receivers exist which are:

        2.1    There is sufficient evidence to show that the Applicant has a good arguable case;

        2.2    There is property to be preserved; and

        2.3    The Applicant's claim, when made, is not frivolous or vexatious.

3        In the alternative, the Second Respondent is in breach of his fiduciary duty to act in the best interests of FMA by failing to cause the company to accept monies for the payment of the Valuable Domain Names, or that the Second Respondent has proposed to engage in such conduct. In the premises, an order ought to be made pursuant to s. 184B of the Business Companies Act, 2004 as per item 4 of this Notice of Application.

The First Affidavit of Shareefah Khalid Alghanim sworn on 16 October 2013 with exhibits in support of this application accompanies this application.

Time estimate 1 hr

Dated the 16th day of October 2013

*[signature]*

Callum McNeil
HPA Lawyers
Solicitor-Advocate for the Applicant

**NOTICE:**

This application will be heard by the Commercial Judge in Chambers on Thursday, 17 October 2013 at midday.

HPA Lawyers
O'Neal and Associates Marketing Building, P O Box 119, Road Town, Tortola, British Virgin Islands
Tel:(284) 494 2423 Fax:(284) 494 6356

4