# LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

March 8, 2018

**Via ECF**

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *In re Ex Parte Application of Shareefah Khaled Alghanim*, 17-MC-406

Dear Judge Castel:

  We represent Akin Gump Strauss Hauer & Feld LLP ("Akin") in the above-captioned matter. We are writing to request that the Court approve a briefing schedule on which we have been unable to agree with Petitioner.

  This matter appears to be collateral to a family dispute in the Alghanim family relating to the management of Future Media Architects ("FMA"), a company incorporated in the British Virgin Islands ("BVI") and owned by Petitioner and her brother, Thunayan Alghanim. Both FMA and Mr. Alghanim are former clients of Akin. Mr. Alghanim is FMA's Chief Executive Officer and sole director.

  On March 5, Petitioner filed a motion to compel compliance with a third-party subpoena (the "Subpoena") that it served on Akin in November of 2017, pursuant to 28 U.S.C. § 1782, purportedly in connection with a receivership proceeding (the "Receivership") relating to FMA, which Petitioner claims is underway in the BVI.

  Akin respectfully requests thirty days to file its response. The undersigned has conferred with Petitioner's counsel, who has proposed a deadline of March 26, 2018 – just twenty days after Petitioner's motion to compel was filed. Given the complexity of the issues, particularly the involvement of BVI law and BVI counsel, as described more fully below, and the substantial amount of time that Petitioner took to file her motion, Akin respectfully submits that at least a thirty-day due

date for its response would be fair and reasonable.

Petitioner's motion comes as somewhat of a surprise. Petitioner's counsel and I conferred on numerous occasions in December, 2017 and January, 2018. The last of those conferences took place on January 11, 2018, and concluded with my understanding that Petitioner's counsel would look for evidence that the BVI Receivership, on which Petitioner based her application for the Subpoena, was still active. As explained more fully below, if there is no foreign proceeding, a § 1782 subpoena would be invalid. We had been advised, as I told Petitioner's counsel, that the receiver had resigned, informing the BVI court that his work had been completed. When I did not hear from Petitioner's counsel during the ensuing fifty-three days, I assumed that Petitioner had discovered that the Receivership was no longer pending, resolved her dispute with her brother, or made the wise decision to seek information in a more appropriate manner.

As we have explained to Petitioner's counsel, Akin's obligations under Rule 1.6 of the Rules of Professional Conduct prohibit it from voluntarily complying with the Subpoena because Akin has been unable to obtain its former client's consent to releasing its confidential or privileged information. Despite repeated efforts, Akin has been unable to contact Mr. Alghanim to seek FMA's consent to reveal the requested information. Under these circumstances, Rule 1.6 requires Akin to protect its former client's confidential or privileged information by raising all non-frivolous arguments in opposition to disclosure. Accordingly, Akin plans to make a number of arguments in its response papers, described in part below.

First, a § 1782 subpoena must seek documents "for use" in a foreign proceeding. *Intel Corp. v. Advanced Micro devices, Inc.*, 542 U.S. 241, 264–65 (2004). Our information is that the receiver resigned in 2015, stating that his assignment had been completed. If that is the case, the basis on which Petitioner obtained entitlement to serve her § 1782 subpoena was inaccurate, and documents that Petitioner seeks cannot be "for use" in the Receivership. We have asked Petitioner's counsel to share any evidence that the Receivership remains pending. We have received no such evidence. Petitioner states in her motion papers that she attaches an affidavit in which her BVI counsel attests that the Receivership remains ongoing, but we find no such affidavit in the papers served on us.

Second, the true respondent in this proceeding is FMA, even though Akin is the technical respondent. The Second Circuit and this Court have declined to enforce § 1782 subpoenas served on law firms where, "[a]lthough technically the respondent . . . [is a law firm], for all intents and purposes petitioners are seeking discovery from [the law firm's client], their opponent in the [foreign] litigation." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004); *In re Mare Shipping Inc.*, No. 13-MC-238 (PKC), 2013 WL 5761104, at *5 (S.D.N.Y. Oct. 23, 2013) *aff'd sub nom. Mare Shipping Inc. v. Squire Sanders (US) LLP*, 574 F. App'x 6 (2d Cir. 2014). Accordingly, if the Receivership is ongoing, FMA is surely a party to it; and Petitioner should seek documents directly from FMA, in the context of that proceeding.

Third, the privilege review and litigation, including Petitioner's claim that it is entitled to the benefit of the fiduciary exception to the attorney-client privilege, would be exceedingly burdensome on Akin and the Court. Akin's initial search for documents yielded approximately 8,000 records. Because Akin is a law firm, many of those documents are potentially privileged. While some of the

documents are not privileged, conducting a privilege review of all the documents, creating a privilege log, and litigating the contents of such a log would take substantial time and resources.

Fourth, Petitioner may be able to obtain the documents she seeks without imposing on Akin and the Court the costly litigation she now undertakes. For instance, Petitioner can and has sought documents from a number of non-attorney parties – namely, Citibank, Santander Bank, Bank of America, and the accounting firm WithumSmith+Brown. In addition, we believe that BVI law may provide an avenue by which Petitioner – who claims to be a 50% shareholder of FMA – could take corporate action that under BVI law may entitle her to obtain access to FMA's privileged or otherwise protected information without a subpoena. I have mentioned this possibility to Petitioner's counsel and have received no response other than that Petitioner prefers the litigation route. In light of the instant petition, Akin needs time to consult with BVI counsel to confirm our preliminary understanding that this option is indeed viable and, if so, to provide the Court with evidence to that effect.

Finally, Petitioner contends that Akin waived any claim of privilege by failing to produce a privilege log, relying principally on *In re Application of Chevron Corp.*, 749 F.Supp.2d 170 (S.D.N.Y. 2010). However, the *Chevron* court expressly recognized that "there will be occasions when it is appropriate – in light of such matters as lack of any possible prejudice to the adversary, demonstrably undue burden and other factors – to defer privilege logs until after resolution of other issues." *Id.* at 181. This is precisely such a case. Given the serious threshold issues that may render a privilege log entirely unnecessary, the absence of any prejudice to Petitioner (especially in light of the absence of any indication that the BVI Receivership is alive or, if it is alive, that its proceedings are active), and the "immensely burdensome," imposition on a law firm occasioned by a painstaking review of thousands of potentially privileged or confidential documents, there is no reason to impose that burden on Akin when the validity of the Subpoena is in serious question. *American Broadcasting Cos. v. Aereo Inc.*, Nos. 12-CV-1540 (AJN), 2013 WL 139560, *2 (S.D.N.Y. Jan. 11, 2013).

Akin respectfully requests that the Court order that its responding papers be due thirty days from the date Petitioner serves her BVI counsel's affidavit cited in her motion papers or notifies Akin's counsel that no such affidavit will be submitted. Petitioner's counsel would like seven days to file a reply and requests oral argument, to which Akin consents.

Respectfully yours,

Frank H. Wohl

cc: O. Andrew F. Wilson, Esq. (by email and ECF)