UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF SHAREEFAH KHALID ALGHANIM, <br><br> Petitioner, <br><br> For an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 | No. 17-MC-406 |

**DECLARATION OF ARABELLA di IORIO IN SUPPORT OF AKIN GUMP STRAUSS HAUER & FELD LLP'S OPPOSITION TO MOTION TO ENFORCE SUBPOENA**

ARABELLA di IORIO declares, under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a partner in the firm of Advocates BVI, which is counsel to Akin Gump Strauss Hauer and Feld LLP ("Akin"). I have been admitted to practice law before the Eastern Caribbean Supreme Court in the Territory of the Virgin Islands since 2006, and I have over 25 years' litigation experience.

2. I submit this Declaration to describe the proceedings initiated by Shareefah Khalid Alghanim against Future Media Architects ("FMA") and Thunayan Alghanim in the Eastern Caribbean Supreme Court in the High Court of Justice, Virgin Islands, Commercial Division (the "BVI Court"), under Claim No. BVIHC (COM) 0132 of 2013 (the "Proceedings").

3. On Friday, March 23, 2018, Sulman Iqbal, an associate at Advocates BVI, personally undertook a search of the electronic court file for the Proceedings. Without the specific permission of the BVI Court, a non-party to a proceeding in the BVI can review and obtain copies of only a limited set of court documents – namely, claim forms, notices of appeal,

court judgments, and court orders. However, a non-party can see the activity that has taken place before the BVI Court. For example, a non-party could see that an affidavit was filed on a given day even though the document or entry itself cannot be viewed or obtained. Accordingly, my assessment of the status of the Proceedings is based on the documents available to me from the electronic court file, as well as BVI Court records and other documents that I have received from Akin.

4. On October 16, 2013, Ms. Alghanim – who is a 50% shareholder and an officer, but not a director, of FMA – filed an application for the appointment of joint receivers over all the assets of FMA and requested that those receivers be given extensive powers "for the purpose of protecting and preserving" the company's assets.[1]

5. On October 18, 2013, the BVI Court appointed a single receiver with far more limited powers – namely, the power to accept a loan from Ms. Alghanim, with such ancillary powers as might be necessary for that limited purpose. The appointment of a receiver was a form of emergency interim relief.[2]

6. In her application for the appointment of receivers, Ms. Alghanim undertook to initiate proceedings for final relief. Such an undertaking is standard practice in the BVI when a litigant files for emergency interim relief. On November 8, 2013, Ms. Alghanim filed a claim form and statement of claim alleging that the affairs of FMA were being conducted in a manner

---

[1] Attached hereto as Exhibit 1 is a true and correct copy of Ms. Alghanim's Notice of Application for the Appointment of Receivers, filed on October 16, 2013.

[2] Attached hereto as Exhibit 2 is a true and correct copy of the BVI Court's Order Appointing a Receiver, filed on October 18, 2013.

that was oppressive and unfairly prejudicial to her, and seeking a winding up of FMA on just and equitable grounds.[3]

7. On December 23, 2014, Mr. Alghanim filed a defence to Ms. Alghanim's statement of claim filed on November 8, 2013.[4]

8. On May 20, 2014, Ms. Alghanim filed a case management summary indicating that the parties had agreed to put the litigation in abeyance in hopes of reaching a compromise. A case management conference took place before the BVI Court on May 21, 2014. However, no order appears to have been filed, and I cannot therefore say what, if any, directions the BVI Court gave at that conference.[5]

9. On November 11, 2014, Ms. Alghanim filed an application for the appointment of provisional liquidators to take control of the assets of FMA, with the objective of eventually winding up the company.[6]

10. On December 5, 2014, the BVI Court held a hearing in which it dismissed Ms. Alghanim's application for the appointment of provisional liquidators.[7]

11. On January 6, 2015, the BVI Court issued a written order noting its dismissal of Ms. Alghanim's application for the appointment of provisional liquidators.[8]

---

[3] Attached hereto as Exhibits 3 and 4 are true and correct copies of Ms. Alghanim's Claim Form Alleging Unfair Prejudice and Statement of Claim Alleging Unfair Prejudice, respectively, both of which were filed on November 8, 2013.

[4] Attached hereto as Exhibit 5 is a true and correct copy of Mr. Alghanim's Defence to the Statement of Claim Alleging Unfair Prejudice, Filed on December 13, 2013.

[5] Attached hereto as Exhibit 6 is a true and correct copy of the Case Management Summary, filed on May 20, 2014.

[6] Attached hereto as Exhibit 7 is a true and correct copy of the Notice of Application for the Appointment of Provisional Liquidators, filed on November 20, 2014.

[7] Attached hereto as Exhibit 8 is a true and correct copy of the Transcript of the Hearing Regarding the Application for the Appointment of Provisional Liquidators, in which the BVI Court denied the application, marked December 5, 2014.

12. By letter to the BVI Court dated December 8, 2015 the receiver stated that he had "fulfilled the objects for which I was appointed" and that he intended to resign.[9]

13. By letter to the BVI Registrar of Corporate Affairs dated December 18, 2015, the receiver resigned.[10]

14. Although the court file technically remains open, the BVI Court's electronic case record does not indicate that Ms. Alghanim has taken any action in the matter since her application for the appointment of provisional liquidators was dismissed in 2015.

15. If Ms. Alghanim had taken action in this matter, it would in the normal course have been reflected in the BVI Court's electronic case record. If she were to take such action, whilst it is impossible to say with certainty, I would expect her to restore a case management conference, and invite the court to give directions for the prosecution of the case through to trial. It is highly likely that those directions would include an order that the parties give discovery. The Civil Procedure Rules which govern commercial litigation in the BVI provide that it is a party's duty to disclose documents which are or have been in that party's control and which are directly relevant to the matters in question in the proceedings.

16. If a new receiver were appointed or the prior receiver were re-appointed, the receiver's powers would be those specified by the BVI Court and could include the power to obtain relevant documents, including privileged documents.

---

[8] Attached hereto as Exhibit 9 is a true and correct copy of the Order Noting Dismissal of the Application for the Appointment of Provisional Liquidators, filed on January 6, 2015.

[9] Attached hereto as Exhibit 10 is a true and correct copy of the Receiver's Notice-of-Resignation Letter to the BVI Court, dated December 8, 2015.

[10] Attached hereto as Exhibit 11 is a true and correct copy of the Receiver's Resignation Letter to the BVI Registrar of Corporate Affairs, dated December 18, 2015.

17. If a liquidator were appointed, he would be an agent of the company and therefore prima facie would be entitled to the books and records of the company, including any legal advice provided to it.

18. Once a proceeding ends in the BVI Court, there is no automatic mechanism by which the case file is closed. As a technical matter, it is not unusual for a case file to remain open in the BVI Court long after litigation has ceased.

Dated: April 3, 2018

ARABELLA di IORIO