UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE EX PARTE APPLICATION OF
SHAREEFAH KHALED ALGHANIM FOR AN          17-mc-406 (PKC)
ORDER TO CONDUCT DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS PURSUANT       MEMORANDUM
TO 28 U.S.C. 1782                         AND ORDER

-----------------------------------------------------------------x

CASTEL, U.S.D.J.

      Petitioner Shareefah Khaled Alghanim seeks to enforce a subpoena duces tecum directed to Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), which this Court issued for documents to be used in foreign proceedings. 28 U.S.C. § 1782. Ms. Alghanim is an officer and 50% shareholder of Future Media Architects, Inc. ("FMA"), of which her brother, Thunayan Khaled Alghanim, is the sole director and the remaining shareholder. After Ms. Alghanim asserted that Mr. Alghanim was mismanaging FMA, a court in the British Virgin Islands ("BVI") appointed a limited-purpose receiver for FMA in 2013. Those proceedings (the "BVI Proceedings") were held in abeyance in 2014 after both Alghanims agreed to pursue compromise. Ms. Alghanim asserts that, since that time, she has been deprived of her proper share of moneys owed to her by FMA. Akin Gump had represented FMA and Mr. Alghanim but reports that it has been unable to communicate with Mr. Alghanim since late 2017.

      On Ms. Alghanim's application, the United States District Court, Southern District of Florida authorized the issuance of a subpoena directed to Citibank, N.A. for materials relating to an FMA bank account, pursuant to section 1782. In re Shareefah Khalid Alghanim, 17 mc 21611 (S.D. Fla. May 2, 2017). Based in part on documents produced by Citibank, N.A., Ms. Alghanim sought, and this Court authorized, subpoenas directed to Akin Gump and other

- 1 -

entities. Ms. Alghanim now seeks to enforce the subpoena directed to Akin Gump. For the reasons that will be explained, the Court grants Ms. Alghanim's application.

BACKGROUND.

FMA is a BVI corporation that registers and holds internet domain names. (Alghanim Decl. ¶ 3). As noted, a dispute arose between the two Alghanim siblings over Mr. Alghanim's management of FMA. (Alghanim Decl. ¶¶ 13–16; di Iorio Decl. ¶¶ 4–6). In 2013, the BVI court appointed a receiver for the limited purpose of accepting loans from Ms. Alghanim so that certain FMA domain names could be re-registered and thus preserved as assets of FMA. (Alghanim Decl. ¶ 18; di Iorio Decl ¶ 5). The limited-purpose receiver resigned in 2015 after informing the BVI court that he fulfilled the purposes of the receivership. (di Iorio Decl. ¶¶ 12–13). In 2015, the BVI court denied Ms. Alghanim's application for the appointment of a provisional liquidator to wind-up FMA, and Ms. Alghanim has not taken action in the case since that time. (Id. ¶¶ 9–11, 14). According to Ms. Alghanim, FMA has continued to sell domain names, but stopped providing notice of such sales to her in 2016, and also has not paid her the proper amounts she is owed. (Alghanim Decl. ¶¶ 26, 29). She further alleged additional threats to FMA as a result of Mr. Alghanim's management, also beginning in 2016. (Id. ¶¶ 27–28).

Akin Gump represented FMA and Mr. Alghanim from 2012 to 2016 on a variety of legal issues, including in the BVI Proceedings. (Pena Decl. ¶ 4). Akin possesses over 7,000 documents and communications relating to the management of FMA, many of which do not relate to FMA's funds. (Id. ¶ 9). Despite multiple attempts to contact Mr. Alghanim in late 2017 and early 2018, Akin Gump has been unable to reach Mr. Alghanim. (Id. ¶¶ 12–14). Ms. Alghanim also lacks access to Mr. Alghanim. (See Tr. of May 1, 2018 Oral Arg. at 11).

This Court authorized the issuance of subpoenas directed to Akin Gump, Santander Bank, N.A. ("Santander"), and WithumSmith+Brown, PC ("WithumSmith"). (Dkt. 7). Ms. Alghanim advised the Court that Santander and WithumSmith produced responsive documents to her approximately within the last six months. (Dkt. 8 at 5). Following Ms. Alghanim's filing of the motion to enforce the subpoena to Akin Gump, Ms. Alghanim agreed to narrow the subpoena to "substantially lower any burden" on Akin Gump. (Dkt. 27 at 8, Exs. A–B). The Court held oral argument on this matter on May 1, 2018.

DISCUSSION.

I. Overview of Section 1782.

A district court may, "upon the application of any interested person," order a person within its jurisdiction to give "testimony or [a] statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). A successful section 1782 petitioner must first satisfy three mandatory threshold criteria, including whether

> (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

Mees v. Buiter, 793 F.3d 291, 297 (2d Cir. 2015) (alteration in original) (quoting Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012)). If the applicant satisfies the mandatory criteria, the district court then weighs four discretionary factors articulated in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264–65 (2004).

> These are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for [section] 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings

> underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the [section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."

Mees, 793 F.3d at 298 (quoting Intel, 542 U.S. at 264–65).

The Court's exercise of discretion "'is not boundless,'" and must be guided by the statute's "twin aims" of "'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" Id. at 297–98 (quoting Schmitz v. Bernstein Liebhard & Lifshitz, LLP., 376 F.3d 79, 84 (2d Cir. 2004)).

In its November 16, 2017 Order granting Ms. Alghanim leave to serve the subpoena at issue upon Akin Gump, the Court provisionally concluded that Ms. Alghanim's application satisfied the statutory requirements of section 1782 and that the discretionary factors outlined in Intel weighed in favor of granting her petition. (Dkt. 7). The Court revisits such determinations to the extent that Akin Gump now challenges them.

II.     Ms. Alghanim Satisfies the Mandatory Criteria of Section 1782.

Akin Gump challenges one mandatory factor: whether the discovery is "for use" in a foreign proceeding. Akin Gump does not challenge that Akin Gump resides in the district where the application is made or that Ms. Alghanim is an interested person in the foreign proceeding.

A. Ms. Alghanim Seeks Discovery "For Use" in a Foreign Proceeding.

To be "for use," the applicant must show that the materials "will be employed with some advantage or serve some use in the proceeding." Mees v. Buiter, 793 F.3d 291, 298 (2d Cir. 2015). Such materials "need not be necessary for the party to prevail in the foreign

- 4 -

proceeding," and district courts need not parse foreign law to predict how much weight would be placed on the evidence sought. Id. at 298–99.

The applicant must further show his or her "*practical ability* . . . to place a beneficial document—or the information it contains—before a foreign tribunal." In re Accent Delight Int'l Ltd., 869 F.3d 121, 131 (2d Cir. 2017) (emphasis in original); see Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P., 798 F.3d 113, 120–21 (2d Cir. 2015). When an applicant has not yet initiated a foreign proceeding, discovery is available if the materials may help the applicant either to plead or to prove an anticipated claim. See Mees, 793 F.3d at 299. Indeed, the foreign proceeding need not be "'pending' or 'imminent,'" so long as a dispositive ruling is "within reasonable contemplation." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 259 (2004). Assessed at the time of the application's filing, reasonable contemplation "cannot be merely speculative," but rather requires "some objective indicium that [legal] action is being contemplated." Certain Funds, 798 F.3d at 123–24. For example, retaining counsel and discussing the "*possibility* of initiating litigation" at the time of making an application does not constitute reasonable contemplation. Id. at 124 (emphasis in original) (reasoning that five-year delay between underlying event and application further belied reasonable contemplation).

Ms. Alghanim has met her burden of demonstrating, through objective indicia, that a dispositive ruling from the BVI court is within reasonable contemplation. She made her showing largely based on events occurring since the last ruling of the BVI court. For example, leading up to her October 2017 application to this Court, FMA ceased providing her with *ad hoc* reports detailing the sale of domain names, FMA failed to make certain regulatory filings on time, and Mr. Alghanim was arrested for drug-related reasons. (Alghanim Decl. ¶¶ 26–29). At the May 1, 2018 oral argument, counsel for Ms. Alghanim elaborated on the types of claims she

anticipated making, such as claims for the recovery of her assets, for control of FMA, and for corporate waste. (Tr. at 16, 36). The lack of activity in the BVI proceedings since 2015 does not doom her invocation of section 1782; an applicant may seek materials that will support an anticipated claim, so long as a disposition by a foreign court is reasonably contemplated. See Intel, 542 U.S. at 259. Ms. Alghanim's factual showing demonstrates that her further application to a BVI court is not a matter of speculation, but rather is likely to occur. (Alghanim Decl. ¶¶ 32–38). The Court thus concludes that Ms. Alghanim has demonstrated that her application seeks evidence "for use" in foreign proceedings under the "reasonable contemplation" standard of Intel, Mees, Accent Delight, and Certain Funds.

### III. Ms. Alghanim Satisfies *Intel*'s Discretionary Factors.

Akin Gump also challenges two discretionary factors: (i) whether the respondent is a participant in the foreign proceeding and (ii) whether the application is unduly intrusive or burdensome. Akin Gump does not challenge the nature or character of the foreign proceedings and does not offer any foreign proof-gathering restrictions that this subpoena offends.

#### A. Whether the Respondent Is a Party to the Foreign Proceeding.

The first Intel factor considers whether the person from whom discovery is sought is a participant in the foreign proceeding. 542 U.S. 241, 264 (2004). If the respondent is a participant, "the need for [section] 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." Id. Courts may look through the named respondent in a section 1782 application when, "for all intents and purposes," the subpoena ultimately seeks documents from the respondent's client, who is a party to the foreign proceeding. See, e.g., Schmitz v. Bernstein Liebhard & Lifshitz, LLP., 376 F.3d 79, 85 (2d Cir. 2004); In re Mare Shipping Inc., 13 mc 238, 2013 WL 5761104, at *4–5

(S.D.N.Y. Oct. 23, 2013) (Castel, J.), aff'd sub nom. Mare Shipping Inc. v. Squire Sanders (US) LLP, 574 F. App'x 6 (2d Cir. 2014) (quoting id.). Section 1782, however, does not require an applicant to exhaust discovery against the respondent in an available proceeding before seeking section 1782 relief. See Mees v. Buiter, 793 F.3d 291, 303 (2d Cir. 2015). A subpoena is still appropriate if it furthers section 1782's "twin purposes" of efficiency and encouraging foreign court reciprocity. See Application of Gianoli Aldunate, 3 F.3d 54, 62 (2d Cir. 1993); In re Mangouras, 17 mc 172, 2017 WL 4990655, at *6 (S.D.N.Y. Oct. 30, 2017) (Castel, J.) (citing In re Catalyst Managerial Servs., DMCC, 680 Fed. App'x 37, 41 (2d Cir. 2017) (summary order)).

Akin Gump is correct that the functional respondent is FMA, Akin Gump's former client. Ms. Alghanim seeks information about FMA's assets and management, rather than documents of or pertaining to Akin Gump. It is also true that FMA and Mr. Alghanim are parties to the BVI proceedings. But at oral argument, both parties confirmed that Mr. Alghanim—the only director of FMA—is now not readily locatable. (Tr. at 11, 30). On that basis, the Court cannot conclude that the prior participation of Mr. Alghanim or FMA in the BVI Proceedings mitigates the present need for section 1782 aid. Akin Gump's assertions that Ms. Alghanim has alternative means for obtaining documents, including "issu[ing] document requests to other non-law-firm entities that have done business with FMA" or petitioning the BVI court for a receiver to seek documents from the same parties, ultimately illustrate the efficiency in enforcing the subpoena. (Mem. in Opp. at 12).

Akin Gump satisfies the first Intel factor, but the facts of this motion demonstrate why it is only a discretionary consideration. Because of Mr. Alghanim's unavailability, his presence as a party to the BVI proceeding is not likely to be of any use in obtaining information

from him. The considerations that underlie the first Intel factor tip in favor of Ms. Alghanim's position.

### B. Whether the Application Is Unduly Intrusive or Burdensome.

The fourth Intel factor addresses whether the applicant's request is "unduly intrusive or burdensome." 542 U.S. at 265. "[I]f the district court determines that a party's discovery application under section 1782 is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto . . . ." Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1101 n.6 (2d Cir. 1995). An application that seeks mainly privileged materials may be unduly burdensome. See, e.g., In re Application Pursuant to 28 U.S.C. Section 1782 of Okean B.V. & Logistic Sol. Int'l to Take Discovery of Chadbourne & Parke LLP, 60 F. Supp. 3d 419, 428 (S.D.N.Y. 2014). The Court has the authority to narrow the scope of a subpoena upon a showing of undue burden. In re Mangouras, 17 mc 172, 2017 WL 4990655, at *9 (S.D.N.Y. Oct. 30, 2017) (Castel, J.).

Ms. Alghanim narrowed the subpoenas in response to Akin Gump's opposition brief. (Dkt. 27 Exs, A–B). The narrowed subpoenas broadly seek invoices, bank statements, and other documentation for FMA and related companies. Akin Gump argues that the bulk of the requests for banking information are cumulative in light of the materials Ms. Alghanim has already received from other section 1782 subpoenas. At oral argument, counsel to Akin Gump represented that it identified approximately 3,000 documents responsive to the narrowed subpoena and that it has not yet produce a privilege log to Ms. Alghanim. (Tr. at 32). Counsel further raised concerns regarding the scope of the narrowed subpoena. (Tr. at 32–33). The Court further modifies items 3 and 4 of the "Document Requests" section of the narrowed subpoena (Dkt. 27 Ex. B) to read as follows:

> 3. All cheques, bank transactions, credit/debit cards and statements concerning FMA Inc.
> 4. Documents concerning any payments using funds from FMA Inc, that are not direct expenses of FMA Inc.

As modified by the Court, the subpoena is not unduly burdensome or intrusive. Business records of FMA, such as bank and credit card statements, are highly unlikely to contain privileged materials. Wholesale production of such materials may be easily accomplished. Counsel for Akin Gump at oral argument candidly acknowledged that the narrowed subpoena reduced its concerns over privilege. (Tr. at 31, 33). The scope of the subpoena has not been shown to sweep up large categories of documents that Ms. Alghanim already has; it is not unreasonably cumulative. See Euromepa S.A., 51 F.3d at 1101 n.6. The requests and circumstances do not suggest that Ms. Alghanim is engaging in a "fishing expedition" to determine whether or not she has a claim. At oral argument, counsel for Ms. Alghanim represented that she had already obtained evidence of some payments by FMA to unaffiliated persons and their families. (Tr. at 18).

The Court will enforce the narrowed subpoena as modified. Counsel to Akin Gump represented at oral argument that it has not prepared a privilege log for materials responsive to the narrowed subpoena. (Tr. at 31–32). Within twenty-one days of this Order, Akin Gump shall provide to Ms. Alghanim a privilege log for materials responsive to the narrowed subpoena as modified by this Order, and any documents not logged shall be produced. Akin Gump's production will not run afoul of Rule 1.6 of the New York Rules of Professional Conduct because it is required by an Order of this Court. See Rule 1.6(b)(6), N.Y. R. of Prof'l Conduct.

CONCLUSION.

For the reasons explained, the motion to enforce the subpoena as narrowed is GRANTED except as further modified herein. The Clerk is respectfully directed to terminate the motion. (Dkt. 8).

Within twenty-one days of this Order, Akin Gump is ORDERED to provide Ms. Alghanim with a privilege log for materials responsive to the narrowed subpoena as modified by this Order. Any documents not logged shall be produced.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 9, 2018

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5-9-18
```